

**THE ATTORNEY GENERAL**

**OF TEXAS**

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

February 14, 1947

Hon. Charles T. Banister　　　Opinion No. V-58
County Attorney
Navarro County　　　　　　　Re:　Navarro Junior College,
Corsicana, Texas　　　　　　　　　County Assessor-Col-
　　　　　　　　　　　　　　　　　lector for, necessity
　　　　　　　　　　　　　　　　　of to make bond under
　　　　　　　　　　　　　　　　　Article 2815h, Section
　　　　　　　　　　　　　　　　　11, V.A.C.S.

Dear Sir:

　　　　We acknowledge receipt of your letter of re-
cent date wherein you request an opinion from this De-
partment on the following matters submitted, in sub-
stance, as follows:

　　　　Navarro Junior College located near
　　Corsicana is operating under Article 2815h,
　　V.A.C.S.　The Board of Trustees thereof is
　　making use of the services of the Navarro
　　County Assessor-Collector to assess and col-
　　lect taxes for the College under Article
　　2815h, Section 7b (e).　Said Assessor-Col-
　　lector has, of course, made the bond ordi-
　　narily required of a County Assessor-Col-
　　lector.　Section 11 of Article 2815h, pro-
　　vides for a bond for "the Assessor-Collector
　　of taxes for the Junior College District."

　　　　Question:　Should the Navarro County
　　Assessor-Collector make an additional,
　　separate bond under Section 11, Article
　　2815h, for the specific protection of the
　　Junior College Funds?

　　　　Article 7247, V.A.C.S., requiring a bond for
State taxes, provides, among other things, that each Coun-
ty Assessor and Collector of Taxes, before entering on
the duties of his office, shall give a bond payable to
the Governor and his successors in office in a sum which
shall be equal to ten (10%) per cent of the full amount
of the State tax of the county as shown by the last pre-
ceding assessment, provided said bond shall not exceed
Fifty Thousand ($50,000.00) Dollars.　This statute fur-

ther provides "Said bond shall be conditioned for the faithful performance of the duties of his office as Assessor and Collector of Taxes for and during the full term for which he was elected or appointed."

Article 7249 provides, in effect, that the Assessor and Collector of Taxes shall give a bond similar to that required of him by the State with like conditions to the County Judge of their respective counties and their successors in office in a sum not less than ten (10%) per cent of the whole amount of the county tax, as shown by the last preceding assessment, provided said bond shall not exceed Fifty Thousand ($50,000.00) Dollars.

Article 2815h, Section 7a, V.A.C.S., at page 701, provides in part as follows:

"The Assessor and Collector of such Junior College Districts shall assess the taxes and collect the same in the manner now provided by law for the collection of ad valorem taxes by County Assessors and Collectors."

Article 2815h, Section 7b, Subsection (c), reads in part as follows:

"In lieu of the manner of assessment and collection of taxes, as provided in Section 7a, the Board of Education of said Junior College District may provide for the assessment, equalization, and collection of taxes in the manner following, to-wit:

"* * * *

"(c) The Board of Education of such Junior College District, if they prefer to do so, may have the taxes of their District assessed and collected by the Assessor and Collector of county taxes in the county in which said District shall be located, or collected only by the Assessor and Collector of county taxes, and in such event, such taxes shall be assessed and collected by said county officers, as the case may be, and turned over to the treasurer of the Junior College District for which such

taxes have been collected. . . ."

Under the facts submitted, the Navarro Junior College District is making use of the services of the Navarro County Tax Assessor-Collector to assess and collect taxes for the college. When it has been decided that the County Tax Assessor-Collector shall act as such for the said Junior College District, pursuant to the above quoted provisions of Article 2815h, Section 7b (c), additional duties are imposed upon the County Tax Assessor-Collector and he does not hold two offices in discharging such duties. Pruitt v. Glen Rose I.S.D. No. 1, 84 S.W. (2) 1004 and cases cited therein. The result is merely the imposition of additional duties upon the office of County Tax Assessor-Collector.

Article 2815h, Section 11, V.A.C.S., provides as follows:

"The Assessor and Collector of Taxes for the Junior College District shall enter into a bond with two or more good and sufficient sureties or surety bond for the protection of the Junior College fund, said bond to be made payable to the Board of Education of the Junior College District and to be made in a sum not less than double the amount of money which may be in his hands at any time while in office. The amount of said bond will be fixed by the Board of Education of the Junior College District and a copy filed with the State Board of Education. The Junior College Board shall require a similar bond of any and all other persons or corporations in whose possession such funds may be kept."

The first sentence of Section 11, provides that "the Assessor and Collector of Taxes for the Junior College District shall enter into a bond . . . for the protection of the Junior College fund"; the second sentence thereof provides "The Junior College Board shall require a similar bond of any and all other persons or corporations in whose possession such funds may be kept." Under the provisions of Sec. 10 of Art. 2815h, the County Tax Assessor-Collector in the instant situation is intrusted with the collection of said taxes and shall on or about the tenth of each month or at such other times as may be prescribed by the Board of

Education of said District make a report showing all moneys collected, and shall place such funds with the Treasurer of the Junior College District.

This statute, Section 11, expressly authorizes the governing bodies of Junior College Districts to require a separate bond when the County Tax Assessor-Collector acts in such capacity for the Junior College District. It is, therefore, our opinion that the Navarro County Assessor-Collector should be required to make a separate bond under provisions of Section 11, Article 2815h, which is in addition to the bonds he has made under Articles 7247 and 7249, said additional separate bond to be made for the specific protection of the Junior College funds.

With respect to the payment of the premium on said separate bond required of the Assessor and Collector of Navarro County, we quote, in part, the provisions of Article 7247, V. A. C. S., as follows:

"Whenever the assessor and collector of taxes of any county is required to give a separate bond to cover district taxes collected by him, such bond shall be approved by the governing board. . . . of such districts, and the premium on same shall be paid out of first collections for such districts."

### SUMMARY

The Navarro County Assessor-Collector, when acting as tax collector for the Navarro Junior College District, is required by Article 2815h, Section 11, V. A. C. S., to make a bond for the collection and protection of Junior College taxes, in addition to bonds executed by him for protection of the State and County.

Yours very truly

APPROVED FEB. 14, 1947

ATTORNEY GENERAL OF TEXAS

*Price Daniel*
ATTORNEY GENERAL

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:AMM:erc

APPROVED: Opinion Com. By O. S., Chairman